UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| JAMES A. PETERSON, | ) | |
|---|---|---|
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-223-TS |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., and MIDLAND FUNDING LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Dismiss First Amended Complaint—Class Action [ECF No. 39], filed on October 7, 2010. For the reasons stated in this Opinion and Order, the Court will grant the Defendant's Motion.

**PROCEDURAL BACKGROUND**

The Plaintiff, James A. Patterson, brought this action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., "to secure redress from unlawful credit and collection practices engaged in by defendants Midland Credit Management, Inc., and Midland Funding, LLC." (First Amd. Compl. ¶ 1, ECF No. 37.) According to the First Amended Complaint, Midland Funding LLC (Midland Funding) and Midland Credit Management, Inc. (MCM), are controlled and owned by the same public company. Midland Funding acquires delinquent debts owed to third parties and MCM, acting as an agent for Midland Funding, attempts to collect the debts.

On June 12, 2009, MCM sent the Plaintiff a letter on behalf of itself and Midland Funding in an attempt to collect an alleged defaulted credit card debt. (First Amd. Compl. ¶

12–13; Ex. A, ECF No. 37-1.) This letter was the first that MCM sent to the Plaintiff concerning the debt, and the Defendants also started calling the Plaintiff around this same time to demand payment. The letter informed the Plaintiff that Midland Funding recently purchased the debt, and that MCM was servicing the collection of the debt. MCM offered the Plaintiff a 40% discount off his current balance if MCM received payment within forty-five days. At the top of the second page of the letter, MCM provided "Important Disclosure Information" in bold typeface, which read as follows: "Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." (Letter, Ex. A, ECF No. 37-1.) The remainder of the letter stated:

> The records associated with the account purchased from CITIBANK reflect that you are obligated on this account, which is in default with a Current Balance of $9,343.64. As the owner of this account, but subject to the rights described below, Midland Funding LLC is entitled to payment of this account. All communications regarding this account should be addressed to MCM and not the previous owner.
> Unless you notify MCM within thirty (30) days after receiving notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.
> If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.
> If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.
> If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.
> Please remember, even if you make a payment within 30 days after receiving this notice, you still have the remainder of the 30 days to exercise the rights described above.

(*Id.*)

The Plaintiff claims that the last statement (the "Disputed Statement"), referring to the

impact of payment within thirty days on the rights described above, violates the FDCPA because is overshadows and contradicts the validation notice, and because it is untrue and misleading. Relying on Indiana state law, the Plaintiff asserts that making a payment would have (1) hindered his ability to dispute the claim because it would constitute an admission by the debtor, (2) started a new statute of limitations even if the claim had been time-barred, and (3) prevented him from recovering any money he voluntarily paid. The Plaintiff alleges that the effect of the Disputed Statement and the telephone communications are to induce people to pay even if they have a dispute or defense to the claim and that payment results in forfeiture of certain defenses.

On October 7, 2010, the Defendants moved to dismiss the First Amended Complaint. They argue that, because state laws cannot limit or diminish any rights granted to consumers by the FDCPA, the Disputed Statement is a true and accurate statement that does not overshadow the validation notice. *See* 15 U.S.C. § 1692n (requiring any person subject to the FDCPA to comply with state law with respect to debt collection practices, "except to the extent that those laws are inconsistent with any provision of [the FDCPA]"). The Defendants also note that the text of § 1692g does not provide any indication that the rights under § 1692g are limited or terminated if a debtor makes a payment within the thirty day validation period, and that collection activities, even those that are likely to lead to payment, are not prohibited within the validation period. The Defendants assert that their letter does not contain any contradictions and reaffirms the required § 1692g information. The Defendants also assert the language in their letter is properly restricted to only those dispute rights that are recognized under § 1692g(a), which do not incorporate defenses under state law or require collectors to identify such defenses.

On October 21, the Plaintiff filed his Response in Opposition to Defendant's Motion to

Dismiss Plaintiff's First Amended Complaint. The Plaintiff argues that the Defendants have a practice of inducing debtors to make a payment within thirty days for the purpose of adversely impacting the debtor's right to dispute the entire debt. The Plaintiff asserts that § 1692n does not act to preempt any state laws that provide a defense to payment of an alleged debt because state law granted those rights, not the FDCPA. As an example, the Plaintiff contends that the right to dispute a debt on the basis that it is time-barred is a function of state law, not the FDCPA.

On November 11, the Defendants filed their Reply Brief in Support of Motion to Dismiss. The Defendants assert that the right to "dispute" a debt that is set forth in § 1692g is a term of art in the FDCPA, which is unaffected by the existence of any state law defenses or rights. On February 8, the Defendants filed supplemental authority to further support their claim that the term dispute, as used in § 1692g, does not include valid defenses under state law. This supplemental authority is a decision by the United States District Court for the Southern District of New York granting the defendant's motion to dismiss on grounds that the challenged language (which is identical to the sentence challenge in this suit) did not overshadow or contradict the validation notice and was not false, deceptive, or misleading. *See Sarno v. Midland Credit Corp.*, No. 1:10-CV-4704-WHP, 2011 WL 349974 (S.D.N.Y. Jan. 31, 2011). The Plaintiff, in response, urges the Court not to follow the reasoning of the *Sarno* case because it does not represent the law of the Seventh Circuit and the district court in New York wrongly decided the case.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal

5

conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, — F.3d —, No. 09-2998, 2011 WL 206155, at *7 (7th Cir. Jan. 25, 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## DISCUSSION

Congress enacted the FDCPA to combat "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692. To achieve this, the FDCPA regulates debt collection communications from debt collectors to consumers. One notice that a debt collector must give a debtor is a written validation notice that informs the debtor of his rights under § 1692g, including the right to dispute the validity of the debt within thirty days of receiving the notice. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 415 (7th Cir. 2005). The FDCPA provides:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of

> the original creditor, if different from the current creditor.
> (b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)–(b). Even if a validation notice is otherwise accurate, a debt collector violates § 1692g(a) if he creates confusion by contradicting the required information, overshadowing or obscuring it, or failing to explain an apparent contradiction. *See Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 629 (7th Cir. 2009); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999); *Bartlett v. Heibl* 128 F.3d 497, 500 (7th Cir. 1997); *see also Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996) ("A debt validation notice, to be valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message."). As an additional protection to consumers, a debt collector is subject to civil liability if it uses "any false, deceptive, or misleading representation or means in communication with the collection of any debt." 15 U.S.C. § 1692e.

Alleged violations of the FDCPA are judged using the objective standard of an unsophisticated consumer. *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). The unsophisticated consumer may be uniformed, naive, and trusting, but still has "'rudimentary knowledge about the financial world' and is 'capable of making basic logical deductions and inferences.'" *Id.* (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). Under this objective standard, the courts disregard "unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Durkin,* 406 F.3d at 414.

7

In addition, to prevail a plaintiff must show that the allegedly confusing language "unacceptably *increases* the level of confusion; many unsophisticated consumers would be confused even if the letters they received contained nothing more than a statement of the debt and the statutory notice." *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999); *see also Durkin*, 406 F.3d at 415.

Here, the validation-of-debt notice appears on the second page of the letter in clear, easy-to-read type, and contains all the disclosures required by § 1692g. The Disputed Statement reads, "Please remember, even if you make a payment within 30 days after receiving this notice, you still have the remainder of the 30 days to exercise the rights described above." The letter does not demand any payment within these same thirty days. The Plaintiff claims that the Disputed Statement overshadows and contradicts the validation notice because making a payment would impact the substantive rights and defenses that a consumer could invoke regarding a debt. For example, the Plaintiff would be unable to dispute that he owed any money he voluntarily paid because his payment would be an admission and he would be unable to dispute the claim on statute of limitations grounds because making a payment would reset any statute of limitations that would otherwise apply. The Defendants argue that the relevant inquiry is whether the Disputed Sentence creates uncertainty regarding the rights enumerated in the validation notice, not whether it would induce action by consumers having some effect on substantive rights not granted by or derived from the FDCPA.

The Seventh Circuit's analysis in *Durkin v. Equifax Check Services, Inc.*, supports the conclusion that the uncertainty against which the debt collector must protect is that related to rights that are enumerated in the validation notice. In *Durkin*, the debt collector defendant sent

8

follow-up collection letters within the validation period and the letters contained demands for immediate payment without any reminder about or reiteration of the validation notice. 406 F.3d at 416–17. The plaintiff argued that these letters were confusing to the unsophisticated debtor because they overshadowed the validation notice in the initial letter. In denying the plaintiff's claim for summary judgment, the court made three observations. First, the court reiterated that the validation period is not a grace period. 406 F.3d at 416, 417 (stating that a debt collector may demand payment and pursue collection efforts within the validation period). Thus, a debt collector can send follow-up collection letters, place telephone calls, and bring a lawsuit, all demanding payment for an overdue debt. *Id.* Second, the court noted that once a debt collector satisfies the requirements of § 1692g(a), the FDCPA does not mandate that a collector send further validation notices. Although some follow-up letters could cross the line to overshadow or contradict the validation notice, there is no blanket rule requiring the debt collector to reiterate or refer to the validation notice in follow-up collection letters. The court reasoned as follows:

> [N]ot every follow-up letter demanding payment during the validation period overshadows or contradicts a validation notice; thus, not every follow-up letter sent during the validation period must automatically reiterate the safe-harbor validation notice, refer back to that notice, or remind debtors about the validation period and the time remaining in that period. Therefore, the mere absence of any such reiterations and reminders in the follow-up collection letters does not alone generate an unacceptable level of confusion so as to warrant summary judgment for the plaintiffs. Rather, the matter turns on whether the specific text contains any impermissible overshadowing or contradiction with respect to the validation notice.

406 F.3d at 417. Third, the specific text of the letters did not contain language that entitled the plaintiff to summary judgment. "For instance, these letters d[id] not indicate that the time for disputing the debt has passed" or "misrepresent or cloud the amount of time remaining to dispute the debt. The letters encourage[d] debtors to pay their debts by informing them of the possible

9

negative consequences of failing to pay," but "d[id] not contain any overt misinformation, apparent contradiction, or noticeable lack of clarity concerning the validation period or the debtor's rights under § 1692g." *Id.* at 417–18.

The *Durkin* court, as well as all the other cases that this Court has reviewed with respect to a claim under § 1692g, was concerned specifically with any lack of clarity created with respect to the validation period and the debtor's rights under § 1692g. *See, e.g., McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496 (7th Cir. 2008) (holding that a request for the debtor to confirm or dispute the total amount owed did not contradict any of the statutory notices given in the body of the validation notice, which clearly communicated the consumer's right to dispute the debt and require the debt collector to obtain verification of it); *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509, 512 (7th Cir. 2004) (deciding whether a demand for payment eviscerated the message conveyed in the validation notice that the consumer had thirty days to contest the debt). When MCM advised that payment would not impact "the rights described above," it was specifically referencing the consumer's thirty-day right to dispute the debt or any portion of it and require the debt collector to provide verification. The challenged sentence does not contradict any of the statutory notices given directly above it, but, to the contrary, unambiguously confirms that even if payment is made within thirty days, that payment will not negate the consumer's clearly-stated right to verify the existence of the debt or shorten the period of time in which the consumer may request verification from the debt collector. The debtor would understand that, despite deciding to pay any portion of the debt, he would retain the option to dispute the validity of the debt or any portion of the debt in a manner provided for in § 1692g. Thus, rather than obscuring the fact that the debtor has thirty days to dispute the debt or

unacceptably increasing the level of confusion regarding the dispute process, the statement reaffirms it.

Whether paying any portion of the debt would reset any state statute of limitations, trigger Indiana's voluntary payment doctrine, or act as an admission of liability under state law is outside the purview of the Defendant's letter, which only purports to explain the dispute rights that are guaranteed by the FDCPA. "Dispute" is a term of art under the FDCPA and "means that the consumer can, without giving a reason, require that the debt collector verify the existence of the debt before making further efforts to collect it." *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) (citing 15 U.S.C. § 1692g(a)(4), (b)). The debt validation notice is designed to fulfill congressional intent to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong. 2d 4, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1699. The unsophisticated consumer would not believe that a statement referencing rights that were "described above" was actually intended to address the gamut of substantive and procedural legal defenses—whatever their source—that might exist to counter the debt collector's claim that the consumer has defaulted and is obligated on the account. Stated differently, a reasonable debtor would not interpret the Disputed Statement in the letter to be making a claim regarding the retention of rights that were never mentioned in the first place. Such an interpretation would be "peculiar" and "idiosyncratic," and need not be entertained by the Court. *See Durkin*, 406 F.3d at 414. The Court finds that the First Amended Complaint does not state facts from which it is plausible to conclude that the unsophisticated consumer would find that this statement obscures, contradicts, or overshadows the information provided to the consumer related to

validating and disputing the debt as defined in the FDCPA.

This outcome does not contradict cases the Plaintiff cited, including *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130 (2d Cir. 2010). In *Ellis*, the debt collector filed and served a lawsuit against the debtor during the thirty-day validation period. The court found that this action created confusion for the consumer because he could believe that exercising his validation rights would suffice as a response to the lawsuit. The Defendant has not filed a lawsuit in this case and there is no similar risk of confusion. The Plaintiff could not reasonably confuse a written notification to MCM disputing the debt or any portion of it as an adequate response to any legal action. Nor, given the limited subject matter of the letter, could he confuse the Defendant's statement regarding payment and the remainder of the thirty days to exercise validation rights as a promise that encompassed all possible legal scenarios. Moreover, *Ellis* was concerned with the potential confusion between the FDCPA thirty-day validation deadline and deadlines governed by the Rules of Civil Procedure and the court that the debt collector's lawsuit triggered. *Ellis* did not deal with all the potential state law substantive defenses that apply to such claims. No case cited by the Plaintiff in response to the Motion to Dismiss has been on point with the claims he makes in this lawsuit.

The Plaintiff also argues that the statement at issue is false and misleading, and that if the Plaintiff followed the prompting in the letter to pay the debt, he would give up many of the potential valid grounds for disputing the debt. The grounds for dispute the Plaintiff is referring to, however, are derived from state contract law. The right to dispute that is protected by the FDCPA, and the right that the statement is specifically directed to, is the right to require the debt collector to verify the existence of the debt before making further efforts to collect it. 15 U.S.C.

§§ 1692g(a)(4), (b); *DeKoven*, 599 F.3d at 582. The Disputed Statement in the letter clearly references the impact of payment on the "rights described above." It does not purport to deal with any disputes or rights related to legal defenses under state law. Accordingly, the statement was not false or misleading, and the Plaintiff has failed to state a plausible claim for relief under 15 U.S.C. § 1692e.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendants' Motion to Dismiss First Amended Complaint—Class Action [ECF No. 39]. Upon dismissal, there are no remaining parties or claims pending in this action.

SO ORDERED on February 28, 2011.

                                    s/ Theresa L. Springmann
                                    THERESA L. SPRINGMANN
                                    UNITED STATES DISTRICT COURT
                                    FORT WAYNE DIVISION